[Cite as *Musgrove v. Musgrove*, 2011-Ohio-4460.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| ROBYN MUSGROVE, N.K.A. OWEN | | |
| Plaintiff-Appellant | : | C.A. CASE NO. 24640 |
| | | |
| vs. | : | T.C. CASE NO. 2006 DM 88 |
| | | |
| | : | (Civil Appeal from |
| ROBERT M. MUSGROVE | | Common Pleas Court, |
| | | Court, |
| Defendant-Appellee | : | Domestic Relations Division) |

. . . . . . . . .

# O P I N I O N

Rendered on the 2nd day of September, 2011.

. . . . . . . . .

Brian A. Sommers, Atty. Reg. No. 0072821, 130 W. Second Street, Suite 840, Dayton, OH 45402-1505
    Attorney for Plaintiff-Appellant

Robert M. Musgrove, 551 North Fairfield Road, Beavercreek, OH 45430
    Defendant-Appellee, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Plaintiff, Robyn Musgrove, n.k.a. Owen, appeals from a final order overruling her motion to reallocate parental rights and responsibilities.

{¶ 2} Robyn[1] and Robert Musgrove were married on November 14, 1992. They have two minor children, Carson and Noah, who were born during the marriage. In 2006, the parties sought dissolution of their marriage. On March 30, 2006, the court entered a Decree of Dissolution, which incorporated a Separation Agreement entered into between the parties, and a Final Decree of Shared Parenting.

{¶ 3} On August 28, 2007, Robert filed a motion to terminate the shared parenting plan. Following hearings, the magistrate found that there had been a change in circumstances in the children since the parties' shared parenting decree was filed in 2006. Further, the magistrate found that the children's best interest would be served by terminating the shared parenting decree and designating Robert as the residential parent and legal custodian of the child. Robyn filed objections to the magistrate's decision. On July 20, 2009, the trial court overruled the objections, terminated the shared parenting plan, and designated Robert the residential parent of the two minor children. (Dkt. 143.)

{¶ 4} On December 11, 2009, Robyn filed a motion to modify the July 20, 2009 final order, arguing that it would be in the best interest of the children for her to be the residential parent and legal custodian of the children. Following hearings, the

---

[1] For clarity and convenience, the parties are identified by their first names.

magistrate overruled Robyn's motion. Robyn filed objections to the magistrate's decision, which were overruled by the trial court on April 25, 2011. Robyn filed a timely notice of appeal.

{¶ 5} On July 12, 2011, Robyn filed a motion to strike Robert's appellate brief because it "is improperly cited to the degree that it creates confusion and vagueness that makes it impossible to read." While we agree that Robert's brief is somewhat confusing and vague, we decline to strike his brief. Robyn's motion to strike is overruled.

<u>FIRST ASSIGNMENT OF ERROR</u>

{¶ 6} "THE TRIAL COURT ACTED UNREASONABLY, ARBITRARILY, AND UNCONSCIONABLY WHEN IT IGNORED THE INSTABILITY OF THE APPELLEE AND FOCUSED ON THE HOME SCHOOLING OF THE CHILDREN."

{¶ 7} The standard of review we apply to a trial court's decision concerning child custody is an abuse of discretion. "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 8} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that

the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 9} The standard for reallocating parental rights and responsibilities is set forth in R.C. 3109.04(E)(1)(a), which provides:

{¶ 10} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶ 11} "* * *

{¶ 12} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of

environment to the child."

{¶ 13} Therefore, in order for the trial court to grant Robyn's motion to reallocate parental rights and responsibilities, the trial court would have to find that (1) there has been a change in the circumstances of the children or Robert, (2) the modification is necessary to serve the best interest of the children, and (3) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the children.  R.C. 3109.04(E)(1)(a).

{¶ 14} The magistrate found that Robyn failed to satisfy the tests that R.C. 3109.4(E)(1)(a) imposes.  The magistrate wrote:

{¶ 15} "Since the court last awarded custody in July 2008 [sic], there have been changes in the children's circumstances.  Some of the changes have been very positive.  They are no longer home schooled.  They are thriving in the Beavercreek school system and have been intergraded [sic] into that community.  Other changes are not so positive.  The respondent's living arrangements have fluctuated due to marital discord between respondent and his wife. The parties themselves have terrible communication and this has lead to a number of problems.  Respondent is reluctant to communicate with the movant about the children.  This leads to  a failure to facilitate contact between the movant and the children. Respondent appears to believe that since he has custody of the

children he can make unilateral decisions about them without ever consulting the movant or the court. These decisions include changing the drop-off and pick-up of the children and refusal to keep the movant informed about the children's school activities and medical needs. Continued behavior such as this by the respondent will likely result in future court actions. However, at the current time the children are doing exceptionally well in the school district that they are in. They are thriving in the respondent's custody. Should custody be changed to the movant, they would need to change school districts. At this time, the harm likely to be caused by a change in environment is not outweighed by the advantages of the change of environment to the child. It is, therefore recommended that the movant's motion to reallocate parental rights and responsibilities be overruled." (Dkt. 235, p. 6.)

{¶ 16} Robyn filed objections to the magistrate's decision, arguing that the magistrate failed to take into consideration and give proper weight to the following facts: Robert's "lack of stability," the children witnessing violence in Robert's home, Robert's attempts to alienate the children against Robyn, Robert's failure to communicate with Robyn regarding medical appointments and school activities, and the positive changes Robyn is willing to make. The trial court overruled these objections and stated:

{¶ 17} "The testimony reflects that Robert and his current wife, Carrie Campbell, were having marital difficulties during the pendency of this action. As a result, they have had verbal arguments and he has left the marital residence on a number of occasions. The alleged 'lack of stability' was directly attributable to the marital disputes between Robert and his spouse. There is no record in this matter that the children witnessed violence. There is no indication that either Robert or Carrie had pursued a domestic violence against the other. The Court finds that Robyn's objection that the magistrate failed to take proper consideration for Robert's lack of stability and that the children had witnessed violence in the home is without merit and is overruled.

{¶ 18} "Robyn alleges that Robert had failed to advise her of medical appointments and school activities. A thorough review of the evidence reflects that Robert provided ample notices of both medical appointments and school activities. The Court further notes that there is no court order that would preclude Robyn from having direct contact with the medical providers or school officials regarding the children's appointments and schedules. The Court finds no evidence to support a change of custody based on a failure to communicate the medical and school activities.

{¶ 19} "The Court finds no evidence to support the claim of

alienation.

{¶ 20} "Robyn argues that the magistrate failed to take into consideration the positive changes that she was willing to undertake in order to gain custody of the minor children. The magistrate acknowledged the changes that Robyn was considering to improve her parenting skills. Robyn acknowledged a willingness to enroll the children in a public school system rather than home school them as she had in the past. The record reflects that the children are doing very well in the Beavercreek school system. Robert has taken measures to ensure that Carson receives speech therapy and that Noah is receiving tutoring in math. Both children have expressed a desire to remain in the Beavercreek school district and are thriving in that environment.

{¶ 21} "The Court finds that the magistrate properly considered all the evidence and properly evaluated the factors contained in R.C. 3109.04 to determine the change of circumstances to address the change of custody issue. The Court evaluated the factors to determine whether such a change would be in the best interest of the minor children. The Court finds that a change of custody is not in the best interest of the minor children at this time." (Dkt. 250, p. 3-4.)

{¶ 22} Robyn argues that "the trial court did not cite to or even mention" the factors in R.C. 3109.04(F)(1) and therefore erred in

adopting the magistrate's decision.  R.C. 3109.04(F)(1) concerns the best interest of a child and provides:

{¶ 23} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

{¶ 24} "(a) The wishes of the child's parents regarding the child's care;

{¶ 25} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

{¶ 26} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

{¶ 27} "(d) The child's adjustment to the child's home, school, and community;

{¶ 28} "(e) The mental and physical health of all persons involved in the situation;

{¶ 29} "(f) The parent more likely to honor and facilitate

court-approved parenting time rights or visitation and companionship rights;

{¶ 30} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

{¶ 31} "* * *

{¶ 32} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

{¶ 33} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."

{¶ 34} The magistrate considered the relevant factors set forth in R.C. 3109.04(F)(1) in determining that a change in residential parent was not necessary to serve the best interest of the children. Further, the trial court addressed the relevant factors in R.C. 3109.04(F)(1) in reviewing the magistrate's decision and overruling Robyn's objections. The trial court's decision is supported by the evidence of record that the children have flourished in and out of school since Robert became the residential parent. Further, the guardian ad litem's report and the interview of the minor children support the trial court's decision to

overrule Robyn's motion. Although there have been some negatives in Robert's household, the magistrate and trial court found that these negatives did not outweigh the many positives that have occurred since Robert became the residential parent. Upon this record, we cannot find that the trial court abused its discretion in finding that a modification of its prior order was not necessary to serve the best interest of the children, and the first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 35} "THE TRIAL COURT ACTED UNREASONABLY, ARBITRARILY, AND UNCONSCIONABLY WHEN IT FOUND THAT THE POTENTIAL HARM OUTWEIGHED THE ADVANTAGES OF A NEW ENVIRONMENT."

{¶ 36} The findings that R.C. 3109.04(E)(1)(a) requires the court to make are conjunctive; that is, all three must be found in order for the court to modify its prior order. Our determination of the first assignment of error renders moot the error advanced in this assignment. Therefore, we need not decide the error. App.R. 12(A)(1)(c).

{¶ 37} The assignments of error are overruled. The judgment of the trial court will be affirmed.

FAIN, J. and DONOVAN, J. concur.

Copies mailed to:

Brian A. Sommers, Esq.
Robert M. Musgrove
Hon. Denise L. Cross