[Cite as *Brown v. Naff*, 2012-Ohio-1770.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY**

| | | |
|---|---|---|
| LEESA BROWN | : | |
| | : | Appellate Case No. 2011-CA-17 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-DV-61 |
| v. | : | |
| | : | (Civil Appeal from |
| DAVID W. NAFF | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2012.

. . . . . . . . . . .

LEESA BROWN, 111 South Main Street, Fort Laramie, Ohio 45845
        Petitioner-Appellee, *pro se*

REBECCA BARTHELEMY-SMITH, Atty. Reg. #0003474, 7821 North Dixie Drive, Dayton,
Ohio 45414
        Attorney for Respondent-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     David W. Naff appeals from the trial court's denial of a motion to terminate a

domestic violence civil protection order (CPO).

{¶ 2}     In his sole assignment of error, Naff contends the trial court's denial of the

motion constituted an abuse of discretion.

{¶ 3} The record reflects that on March 31, 2011, Naff's ex-girlfriend, plaintiff-appellee, Leesa Brown, obtained a two-year CPO against him. (Doc. # 7). Thereafter, on April 25, 2011, Brown filed a motion to modify the CPO, seeking to enhance its restrictions. (Doc. #8). In her motion, Brown alleged that Naff had been sitting in a parking lot and staring into her windows. She also alleged that he unlawfully had entered her home. In connection with this motion, Brown also filed an April 25, 2011 contempt motion. (Doc. #9). Therein, she alleged that Naff had followed, stalked, and harassed her in violation of the CPO. She also alleged that he had urged her "to lie to police in an investigation against him."

{¶ 4} Before a hearing could be held on Brown's motions, she wrote the trial court a May 23, 2011 letter. (Doc. #16). The trial court treated the letter as a pro se motion to terminate the CPO. In her letter, Brown stated that she was not afraid of Naff and could not stay away from him. On May 26, 2011, Brown withdrew her pending motion to modify the CPO and motion for contempt. That same day, Brown wrote the trial court another letter, requesting dismissal of the CPO. (Doc. #21). Brown stated that she feared Naff would "get into more trouble" because of her. She also indicated that she wanted to reconcile with him.

{¶ 5} The matter proceeded to a June 17, 2011 hearing before a magistrate. Brown was the only witness. In brief testimony, Brown stated that she loved Naff, did not fear him, and wanted to have a relationship with him. She also testified that she wanted to undergo counseling with him. She characterized her prior allegations against Naff as either "exaggerated" or "not true." (*See* June 17, 2011 hearing transcript). Despite Brown's testimony, the magistrate denied her motion to terminate the CPO. (Doc. #24). In relevant

part, the magistrate reasoned:

> Ohio Revised Code Section 3113.31(E)(8)(b) provides that either party can file a motion to terminate a protection order or consent agreement. The moving party has the burden of proof, by a preponderance of the evidence, to show that the protection order is no longer needed or the terms are no longer appropriate. *Id.* The Court must consider all relevant matters, including a variety of specific factors, when determining if the protection order should be terminated or modified. Ohio Revised Code Section 3113.31(E)(8)(c).
>
> Based on the evidence before it, after consideration of all relevant factors, including those set forth in Section 3113.31(E)(8)(c), the Court finds that Leesa Brown, Movant herein, has not established by a preponderance of the evidence that the protection order contained in the consent entry is no longer needed or the termination or modification of the order is appropriate.

(Doc. #24 at 1).

{¶ 6}　Naff objected to the magistrate's decision. (Doc. #25). He argued that the magistrate should have terminated the CPO based on Brown's consent, her lack of fear, and the proximity of his workplace to her residence. Naff also noted Brown's testimony that he had not threatened her, that she was best friends with his daughter-in-law, and that she desired to undergo counseling with him.

{¶ 7}　The trial court overruled Naff's objection and denied Brown's motion to terminate the CPO. (Doc. #29). It reasoned:

> O.R.C. 3113.31(E)(8)(b) establishes that at a hearing to modify a

consent agreement, the moving party has the burden of proof to show, by a preponderance, that termination of the consent agreement is appropriate because it is no longer needed or because the terms of the agreement are no longer appropriate.

In making this determination, the Court is to consider evidence relating to the twelve factors set forth in O.R.C. 3113.31(E)(8)(c), and any other relevant factors provided to the Court.

The only evidence presented at this hearing was the ephemeral testimony of the petitioner, Leesa Brown. After an independent review of this testimony, the Court rejects it as untrustworthy. No other evidence having been submitted, the Court agrees with the Magistrate's Decision.

(Doc. #29 at 29 at 2-3).

{¶ 8}  On appeal, Naff contends the trial court erred by failing to "fully take into consideration" and follow the R.C. 3113.31(E)(8)(c) factors. In connection with this argument, he claims the trial court's ruling "was not based on any facts" and "did not conform to the testimony." Specifically, he asserts that "[t]here was no reason to believe that [Brown] did not know what she wanted to do or was coerced to request the termination."

{¶ 9}  We review a ruling on a motion to terminate a CPO for an abuse of discretion. *Jones v. Rose*, 4th Dist. Hocking No. 09CA7, 2009-Ohio-4347, ¶5. "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Musgrove v. Musgrove*, 2d Dist. Montgomery No. 24640, 2011-Ohio-4460, ¶7. "'A decision is unreasonable if there is no

sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.'" *Id.* at ¶ 8, quoting *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 10}  We see no abuse of discretion in the trial court's ruling. Under R.C. 3113.31, either party may move to terminate a CPO. The moving party bears the burden to prove, by a preponderance of the evidence, that termination is appropriate. When ruling on a motion to terminate a CPO, a trial court must consider "all relevant factors," including the factors identified in R.C. 3113.31(E)(8)(c).[1] The only evidence pertinent to those factors came from Brown herself. As set forth above, she consented to termination of the CPO. She also testified, among other things, that she did not fear Naff and that she wanted to have a relationship with him. The problem for Naff, however, is that the trial court rejected her hearing testimony as

---

[1] The factors identified in R.C. 3113.31(E)(8)(c) include: "(i) Whether the petitioner consents to modification or termination of the protection order or consent agreement; (ii) Whether the petitioner fears the respondent; (iii) The current nature of the relationship between the petitioner and the respondent; (iv) The circumstances of the petitioner and respondent, including the relative proximity of the petitioner's and respondent's workplaces and residences and whether the petitioner and respondent have minor children together; (v) Whether the respondent has complied with the terms and conditions of the original protection order or consent agreement; (vi) Whether the respondent has a continuing involvement with illegal drugs or alcohol; (vii) Whether the respondent has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for an offense of violence since the issuance of the protection order or approval of the consent agreement; (viii) Whether any other protection orders, consent agreements, restraining orders, or no contact orders have been issued against the respondent pursuant to this section, section 2919.26 of the Revised Code, any other provision of state law, or the law of any other state; (ix) Whether the respondent has participated in any domestic violence treatment, intervention program, or other counseling addressing domestic violence and whether the respondent has completed the treatment, program, or counseling; (x) The time that has elapsed since the protection order was issued or since the consent agreement was approved; (xi) The age and health of the respondent; (xii) When the last incident of abuse, threat of harm, or commission of a sexually oriented offense occurred or other relevant information concerning the safety and protection of the petitioner or other protected parties."

"untrustworthy."

**{¶ 11}** The trial court had the discretion to disbelieve Brown's testimony about not needing or wanting the CPO and about not fearing Naff. *Dwight D. Brannon & Associates v. Barnard*, 2d Dist. Montgomery No. 17311, 1999 WL 174257, *2 (March 26, 1999). In her earlier contempt motion, Brown alleged that Naff had urged her "to lie to police" to protect him. In her letter to the court, she admitted worrying that Naff would get into more trouble because of her. The trial court reasonably could have found that Brown's testimony about terminating the CPO was motivated by these concerns.

**{¶ 12}** We note too that just before moving to terminate the CPO, Brown had moved to *increase* the restrictions on Naff and to hold him in contempt. In her most recent hearing testimony, Brown attempted to explain away these motions by characterizing the allegations in them as "exaggerated" or "not true." The trial court was not required to believe this explanation. Other than Brown's testimony, which the trial court had the discretion to disbelieve, she presented no evidence related to the R.C. 3113.31(E)(8)(c) factors or any other factor. Therefore, the trial court did not abuse its discretion in finding that she had failed to prove, by a preponderance of the evidence, that termination of the CPO was appropriate.

**{¶ 13}** Naff's assignment of error is overruled, and the judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH and FISCHER, JJ., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Leesa Brown
Rebecca Barthelemy-Smith
Hon. Robert J. Lindeman