[Cite as *In re Williams*, 2025-Ohio-5434.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| IN THE MATTER OF: | : |
| | : C.A. No. 2025-CA-17 |
| SHANE WILLIAMS | : |
| | : Trial Court Case No. 21-DS-0199 |
| AND | : |
| | : (Appeal from Common Pleas Court- |
| JAMI WILLIAMS | : Domestic Relations) |
| | : |
| | : **FINAL JUDGMENT ENTRY &** |
| | : **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 5, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and HUFFMAN, J., concur.

EDWARD A. FRIZZELL, Attorney for Appellant
GREGORY K. LIND, Attorney for Appellee


TUCKER, J.

{¶ 1} Jami Williams appeals from the trial court's judgment entry overruling her motion to terminate a custody condition prohibiting her boyfriend, a convicted sex offender, from having any contact with her minor child.

{¶ 2} Jami contends the trial court abused its discretion in not removing the restriction because allowing contact with her boyfriend would not adversely affect the child.

{¶ 3} We see no abuse of discretion in the trial court's decision. Accordingly, its judgment is affirmed.

## I. Background

{¶ 4} Jami and Shane Williams married and had a child together in 2010 before obtaining a dissolution in 2021. Jami was named the child's residential parent and legal custodian, and Shane received parenting time. Following the dissolution, Jami began dating Alan Funderburg, a registered sex offender with a 2008 conviction for gross sexual imposition involving his then 13-year-old stepdaughter. After discovering Jami's new relationship, Shane moved for reallocation of parental rights and sought legal custody. Following a hearing, the trial court overruled Shane's motion. In a March 6, 2024 entry, it found that allowing Funderburg to be in the presence of the parties' child would be contrary to the child's best interest. However, it accepted Jami's representation that she had terminated her relationship with Funderburg and did not intend to renew it. As a precaution, the trial court's entry overruling Shane's motion for legal custody imposed an affirmative

obligation on her "to ensure that the minor child . . . is not ever in the presence of Alan Funderburg and that she have no contact with him whatsoever." Neither party appealed the trial court's ruling.

{¶ 5} Just months after the trial court's decision, Jami filed a July 26, 2024 motion to terminate the prohibition of contact between Funderburg and the child. She expressed a desire to renew her relationship with him and noted that his obligation to register as a sex offender recently had expired. Shane responded by filing a renewed custody motion, and Jami filed her own motion to retain legal custody.

{¶ 6} The trial court held an evidentiary hearing limited to Jami's motion seeking to permit contact between Funderburg and the child. Witnesses included Jami, Shane, Funderburg, and a guardian ad litem. The trial court also spoke to the child in camera. It then filed a March 3, 2025 entry overruling Jami's motion to allow contact between Funderburg and the child. It construed her motion as arising under R.C. 3109.04, which governs the modification of parental rights and responsibilities after an initial decree has been issued. The trial court reasoned that she was seeking to modify her parental responsibility to ensure that the child had no contact with Funderburg. Among other things, the trial court determined that Jami was not entitled to relief because she had not shown a requisite "change in circumstances" since the prior decree and because allowing contact would not be in the child's best interest.

## II. Analysis

{¶ 7} Jami's assignment of error states:

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IT FAILED TO RECOGNIZE NO ADVERSE EFFECT ON THE CHILD.**

{¶ 8} Jami contends that the trial court should have terminated the no-contact restriction because allowing contact between Funderburg and the child would not adversely affect the child. She cites her testimony that the child enjoyed being around Funderburg when she dated him prior to imposition of the restriction. She also cites her testimony that she will not allow him to be alone with the child. Jami additionally notes that Funderburg's obligation to register as a sex offender has expired and that he has not been accused of engaging in any inappropriate behavior since his nearly 20-year-old conviction.

{¶ 9} Upon review, we find Jami's assignment of error to be unpersuasive. Modification of an existing order allocating parental rights is governed by R.C. 3109.04(E)(1)(a), which provides in part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

{¶ 10} The trial court addressed Jami's motion in the context of R.C. 3109.04. It reasoned that she sought modification of a requirement in the existing decree that allocated to her an obligation to prevent contact between Funderburg and the child. On appeal, the parties also have addressed the issue under R.C. 3109.04, and we likewise consider the issue under this statute.

{¶ 11} We review a trial court's ruling on a motion to modify parental rights and responsibilities for an abuse of discretion. *In the Matter of Z.L.A.*, 2025-Ohio-2355, ¶ 11

4

(2d Dist.). "Abuse of discretion" means a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion usually will result in a decision that is unreasonable rather than unconscionable or arbitrary. *Chaney v. Chaney*, 2012-Ohio-626, ¶ 9 (2d Dist.). "'A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.'" *Musgrove v. Musgrove*, 2011-Ohio-4460, ¶ 8 (2d Dist.), quoting *AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161 (1990).

{¶ 12} With the foregoing standards in mind, we see no abuse of discretion in the trial court's overruling of Jami's motion to remove the no-contact restriction. As an initial matter, her appellate brief largely ignores the trial court's finding that she had failed to establish the change in circumstances required by R.C. 3109.04(E)(1)(a). The statute does not permit modification of an existing order absent a change in the circumstances of the child or the residential parent. The trial court found that Jami's desire to reunite with Funderburg was not a change in circumstances because it disbelieved her testimony that she in fact had broken up with him at the time of the prior order. The trial court found that the only real change in circumstances in the four-month interval between its prior order and her motion was the expiration of Funderburg's obligation to register as a sex offender. The trial court reasoned that this was a change in his circumstances, not Jami's or the child's circumstances. Therefore, it held that Jami was not entitled to modification of her parental responsibility to keep Funderburg away from the child. Jami's substantive argument on appeal does not address this aspect of the trial court's ruling, so she has failed to demonstrate any abuse of discretion.

5

{¶ 13} Even if the required change in circumstances did exist, we see no abuse of discretion in the trial court's additional finding that allowing contact between Funderburg and the child would not be in the child's best interest. The trial court noted that his 2008 conviction involved him lifting his 13-year-old stepdaughter's shirt while she slept and touching her breasts before leaving the room and masturbating. Although Funderburg only served two years in prison for gross sexual imposition, the trial court observed that he had engaged in this conduct up to 150 times over a 16-month period. The trial court also pointed out that he remained a convicted sex offender despite the recent expiration of his registration obligation.

{¶ 14} The trial court additionally found the testimony of Jami and Funderburg to lack credibility in significant ways. As for Jami, it discredited her testimony that she previously had terminated her relationship with Funderburg and had no intention of reconciling with him at the time of the prior decree. The trial court found it "much more likely that [the] relationship continued during the course of those proceedings and after." The trial court similarly found not credible Funderburg's testimony that he and Jami had broken up at the time of the prior order.

{¶ 15} The trial court found that the motion to lift the no-contact restriction was motivated by Jami's self-interest rather than a desire to benefit the child. Based on its in-camera interview, the trial court also found that Jami had minimized Funderburg's misconduct and had not given the child an accurate explanation of his past behavior, leading the child to have a falsely positive view of Funderburg and to be frustrated with her father for supporting the no-contact restriction. The trial court additionally found that neither Funderburg nor Jami could be trusted to abide by a requirement for someone else to be present if Funderburg and the child were allowed to be together.

{¶ 16} Having reviewed the record, we conclude that the trial court's decision is not unreasonable, arbitrary, or unconscionable. On the contrary, the decision is supported by a sound reasoning process. Although Jami contends Funderburg previously was a positive influence on the child, the record reflects that the child continues to flourish without seeing him. As for Jami's assertion that she will not allow him to be alone with the child, the trial court acted within its discretion in finding her testimony not credible. Although Funderburg's sex-offender registration had recently expired, the trial court reasonably considered the long-term nature of his offenses, the fact that the parties' child was of a similar age as his prior victim, the fact that Jami had minimized his wrongdoing when discussing the issue with the child, and the fact that Jami's motion was motivated by self-interest rather than a desire to benefit the child. For the foregoing reasons, Jami's assignment of error is overruled.

### III. Conclusion

{¶ 17} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and HUFFMAN, J., concur.